UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREGORY LEE FARLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:25-CV-117-TAV-JEM |
| | ) | 3:22-CR-084-TAV-JEM-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Gregory Lee Farley has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1; Case No. 3:22-cr-84 ("Criminal Case"), Doc. 145].[1] The government has responded in opposition [Doc. 3]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 1, Criminal Case, Doc. 145] will be **DENIED**.

**I.     Background**

On October 11, 2023, petitioner pled guilty to conspiracy to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) [Criminal Case, Docs. 76, 79]. Shortly thereafter, petitioner began filing pro se filings

---

[1] All docket citations refer to the civil case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

with the Court, alleging that "Exhibit 12" was fabricated or tampered with, raising various arguments bout the drug weights shown in various exhibits [Criminal Case, Docs. 97, 98, 100, 103]. Those motions were referred to United States Magistrate Judge Jill E. McCook, and Judge McCook ordered defense counsel to review petitioner's pro se filings [Criminal Case, Doc. 102]. At a hearing on these matters, and for review of the attorney-client relationship, petitioner affirmed that he would like to continue with his defense counsel and his pro se motions were withdrawn [Criminal Case, Doc. 114].

The Court sentenced petitioner to 40 months' imprisonment, to be followed by a 3-year term of supervised release [Criminal Case, Doc. 121]. Petitioner filed a notice of appeal [Criminal Case, Doc. 125]; however, he subsequently voluntarily dismissed his appeal [Criminal Case, Doc. 135]. Petitioner then filed another notice of appeal from the judgment in this case [Criminal Case, Doc. 136], and the Sixth Circuit dismissed that appeal as untimely [Criminal Case, Doc. 138]. The Sixth Circuit subsequently denied a petition for rehearing [Criminal Case, Doc. 142].

On March 24, 2025, petitioner filed the instant § 2255 motion, again alleging that disparities in the drug weights on various exhibits he received in discovery indicated perjury, tampering with evidence, ineffective assistance of counsel, and prosecutorial misconduct [Doc. 1, p. 1]. He also asks for the appointment of counsel [*Id.* at 3].

II.     **Legal Standard**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

2

Case 3:22-cr-00084-TAV-JEM    Document 147    Filed 06/30/25    Page 2 of 5    PageID #: 690

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

**III. Analysis**

**A. Appointment of Counsel**

A petitioner does not have a constitutional right to counsel in mounting a collateral attack on his sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the Criminal Justice Act provides that the Court may appoint counsel to represent a defendant in a § 2255 proceeding if the Court determines that the interests of justice so require. 18 U.S.C. § 3006A; *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").

In deciding whether to appoint counsel in a civil case, the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the

3

factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal quotations omitted). Generally, this Court does not appoint counsel in a collateral attack upon a conviction or sentence unless it has determined that a hearing on the § 2255 motion is necessary. *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956); *United States v. Wooden*, No. 1:03-cr-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (holding that the court "cannot appoint counsel at government expense to provide legal advice and represent [a criminal defendant] prior to the filing of a § 2255 motion").

In this case, the Court has determined that an evidentiary hearing is unnecessary. Moreover, the Court finds that defendant has not attempted to demonstrate exceptional circumstances requiring the appointment of counsel. Accordingly, defendant has not established that appointment of counsel is warranted for purposes of filing a motion under § 2255. His request for appointment of counsel is therefore **DENIED**.

B. **Procedural Default**

If a claim is procedurally defaulted because a petitioner has not raised it on direct appeal, he may only raise it in a collateral attack if he can demonstrate cause and actual prejudice or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). The "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency. *Id.* at 623.

While petitioner filed a direct appeal in this case, he voluntarily dismissed that appeal prior to any briefing. Thus, his claims relating to the drug weights shown in

4

various exhibits are procedurally defaulted. And petitioner has not asserted any cause and prejudice for his failure to raise these claims on direct review. To the extent that petitioner's arguments could be construed as a claim of "actual innocence," petitioner does not argue that he is factually innocent of conspiring to distribute a quantity of methamphetamine, but instead, merely appears to contest the validity of evidence. Such is a claim of "legal insufficiency" rather than "factual innocence" and is, therefore, insufficient to overcome a procedural default. Accordingly, petitioner's claims are procedurally defaulted and will be **DENIED** for that reason.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1; Criminal Case, Doc. 145] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE